# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DARNELL DEMOURELLE**<br>    LA. DOC #487085<br>VS. | **CIVIL ACTION NO. 09-0775**<br>**SECTION P**<br>**CHIEF JUDGE JAMES** |
| **JASON VERGIL** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Darnell Demourelle, proceeding *in forma pauperis*, filed the instant civil rights complaint on May 8, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Madison Parish Correctional Center, Tallulah, Louisiana. He complained that he was the victim of excessive force and named Corrections Officer Jason Vergil as the sole defendant. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

### *Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint and his application to proceed *in forma pauperis* on May 8, 2009. [Docs. 1 and 2] On May 14, 2009, he was granted *in forma pauperis* status. [Doc. 3] On July 22, 2009, the undersigned completed an initial review and directed plaintiff to amend his complaint on or before August 24, 2009, to provide more specific detailed information concerning his excessive force claim. [Doc. 4] Plaintiff has not responded to that

order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,***

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, September 21, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE